UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Stephen Knuth,

    Plaintiff,

v.

Springleaf Financial Services of America,
Inc. aka OneMain Financial of America, Inc.

    Defendant.
_____/

Case No.:

3:18-cv-1158-J-32JRK

## COMPLAINT
## JURY DEMAND

1. Plaintiff, Stephen Knuth (hereinafter "Plaintiff"), alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") against Defendant, Springleaf Financial Services/OneMain Financial Holdings, LLC, (hereinafter "OneMain") and states the following in support thereof:

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Florida.

5.     Plaintiff is the regular user of the cellular telephone number at issue, (954) 290-6537, and was the "called party" and recipient of Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

6.     Defendant Springleaf Financial Services, of Ameria Inc.  is an Indiana corporation also doing business under the name of OneMain Financial of America, Inc. with its principal place of business located at 601 NW 2nd St. #300, Evansville, IN 47708.

7.     Plaintiff is also registered with the Florida Department of State Division of Corporations as a Fictitious Name of Patent Law Services International, 5290 Big Island Dr., Apt. #1406 Jacksonville, FL 32246.

8.     Defendant is a "person" as defined by Florida Statute §559.55.

### FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

9.     Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect an alleged debt from Plaintiff concerning a personal loan.

10.    At all times relevant to this action, Plaintiff received 3 calls to his cellular telephone from Defendant in an effort to collect the alleged debt at issue according to the following schedule:

| **Number** | **Date** | **Time** | **Notes** |
| --- | --- | --- | --- |
| (540) 786-7690 | 5.3.2016 | 2:45PM | Representative called, but Plaintiff could not pick-up and no voice mail was left. Plaintiff called Defendant back and left a |

| | | | voice message. Plaintiff specifically stating he did not want to be called. |
|---|---|---|---|
| (540) 786-7690 | 5.3.2016 | 6:23PM | Branch manager Jeff McCowan called, but Plaintiff could not pick-up and voice mail was left. Plaintiff called back and confirmed Defendant also knew of the verbal cease and desist order Plaintiff gave his associate on or about April 25, 2016. Defendant stated it was OK to call back despite confirming the verbal revocation of consent. Plaintiff also reiterated he did not want to be contacted again. Plaintiff then faxed a written revocation of consent that evening that was confirmed to be received. |
| (812) 468-5416 | 5.5.2016 | 10:26AM | Service phone call follow-up from a conversation |

|   |   |   | Plaintiff had with a local branch manager in Jacksonville, FL. Representative of Defendant stated she knew of revocation, but said she could call because "it was customer service related." |
|---|---|---|---|

11.   Upon answering the above listed calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

12.   Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

13.   During the relevant time period, Plaintiff informed the agents/representatives of Defendant, on several occasions, that they were calling his cellular phone and demanded that Defendant cease placing calls to his cellular telephone number. Plaintiff twice verbally revoked consent over the phone on March 1, 2016 and May 3, 2016. Plaintiff was contacted in a subsequent phone conversation on or about July 1, 2017 where Defendant's corporate representative admitted that Plaintiff's was enlisted in Defendant's corporate automated dialing

system until May 31, 2016 and was then removed from the corporate automated dialing system. Defendant also faxed a written revocation of consent again on May 3, 2016.

14. During the aforementioned communications, Plaintiff unequivocally revoked any express consent Defendant may have had for the placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

15. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was done so without the express consent of the Plaintiff.

16. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

17. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call his cellular telephone number.

18. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

19. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

20. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of their cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

21. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of their time.

22. Specifically, Plaintiff had to waste his time dealing with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

23. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

24. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

25. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely their cellular phone and his cellular phone services.

26. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also effected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation.

27. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

28.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

29.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

31.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32.     Plaintiff incorporates Paragraphs 1 through 31 herein.

33.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's express consent in violation of 47 U.S.C § 227(b)(1)(A)(iii).

34.     Defendant knowingly or willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant and demanded for the calls to stop.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for $500.00 dollars in statutory damages for each violation of the TCPA over the last four years, $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years, a declaration that Defendant's calls violate the TCPA, a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice, litigation expenses and costs of the instant lawsuit; and such further relief as this Court

may deem appropriate. More specifically, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for an additional $4,500 in statutory damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By:/s/ *Kevin Rajabalee*
Kevin Rajabalee
FL Bar No: 119948

**KR LEGAL, P.A.**
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
(954) 667-3096
Email: Kevin@krlegal.net

*Attorney for Plaintiff*